UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | No. 2:23-cv-1353 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

    Plaintiff is a county inmate proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

    On December 4, 2023, the Court ordered the United States Marshal to serve process upon the defendant in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

    On May 16, 2024, the United States Marshal filed a return of service with a USM-285 form showing total charges of $195.62 for effecting personal service on defendant Dr. Mathew

1

Wong. The form shows that a waiver of service form was mailed to the defendant on March 8, 2024, and that no response was received.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The Court finds that defendant Dr. Mathew Wong was given the opportunity required by Rule 4(d) to waive service and has failed to comply with the request.

The U.S. Marshal personally served defendant Dr. Mathew Wong on May 8, 2024. (ECF No. 19.) Twenty-one days from May 8, 2024 passed and defendant Dr. Mathew Wong did not file a response to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, defendant Dr. Mathew Wong is ordered to show cause why the Clerk of the Court shall not enter default against defendant. Fed. R. Civ. P. 55(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendant Dr. Mathew Wong shall pay to the United States Marshal the sum of $195.62, unless within that time defendant files a written statement showing good cause for his failure to waive service. The Court does not intend to extend this fourteen day period;

2. Within thirty days from the date of this order, defendant Dr. Mathew Wong shall show cause why the Clerk of the Court shall not enter default against defendant for defendant's failure to respond to the complaint; failure to respond to this order will result in the entry of default against defendant Dr. Mathew Wong; and

3. The Clerk of the Court is directed to serve a copy of this order on a) the U.S. Marshal;

b) defendant Dr. Mathew Wong, 500 Union Avenue, Fairfield, California 94533;

c) Solano County Counsel, 675 Texas Street, # 6600, Fairfield, California 94533; and

d) Wellpath Medical, 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

Dated:  June 11, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

sugg1353.Taxcost.wong

2