UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JUSTICE CENTER, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-1353 TLN CSK P<br><br><br>ORDER |

   Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 11, 2024, this Court ordered defendants to pay the U.S. Marshal the sum of $195.62 or show cause for their failure to waive service. (ECF Nos. 21, 22, 23, 24.) This Court also ordered defendants to show cause why the Clerk of the Court should not enter default against defendants. (Id.) On June 19, 2024, defendants filed a response to the orders filed June 11, 2024. (ECF No. 25.) Good cause appearing, this Court finds that defendants showed cause for their failure to waive service and why the Clerk of the Court should not enter default against them.

///

///

///

1

Background

On September 27, 2023, the Court found that plaintiff's complaint stated potentially colorable claims for relief against defendants Wellpath[1] and Wong for violation of plaintiff's right to privacy and against defendants Wellpath, Wong, Roesler and Nevarez for violation of plaintiff's right to adequate medical/mental health care. (ECF No. 5.) In particular, plaintiff claimed that defendants Wellpath and Wong conducted psychological evaluations with plaintiff that were not confidential in violation of plaintiff's rights to privacy and adequate mental health care. (Id.) Plaintiff claimed that defendants Roesler and Nevarez falsely wrote in responses to plaintiff's grievances that she did not take Adderall in violation of plaintiff's right to adequate medical/mental health care. (Id.) On October 30, 2023, plaintiff informed the Court that she would like to proceed on these claims. (ECF No. 10.)

On December 4, 2023, the Court ordered the U.S. Marshal to notify defendants Wellpath, Wong, Roeler and Nevarez of the commencement of this action and to request a waiver of summons in accordance with Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 565(c). (ECF No. 15.) If defendants did not return a waiver of service of summons within sixty days from the date of mailing the request for waiver, the U.S. Marshal was directed to personally serve process upon defendants. (Id.)

On May 16, 2024, the U.S. Marshal filed returns of service for defendants with USM-285 forms showing total charges of $195.62 for effecting personal service on each defendant. (ECF No. 19.) The forms showed that the waiver of service forms were mailed to defendants at the Solano County Jail on March 8, 2024. (Id.) On June 11, 2024, this Court found that defendants were given the opportunity required by Federal Rule of Civil Procedure 4(d) to waive service and failed to comply with the requests to waive service. (ECF Nos. 21, 22, 23, 24.) Defendants were granted fourteen days to pay the costs of personal service or show cause for their failure to waive service. (Id.)

---

[1] In the June 19, 2024 response, defense counsel states that defendant Wellpath is erroneously sued as defendant Wellpath Medical. Accordingly, this Court hereinafter refers to defendant Wellpath.

The U.S. Marshal personally served defendants at the Solano County Jail on May 8, 2024. (ECF No. 19.) The returned USM-285 forms reflect that Laura Anderson accepted service on behalf of defendants. (Id.) Twenty-one days from May 8, 2024 passed and defendants did not file a response to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, on June 11, 2024, this Court ordered defendants to show cause within thirty days why the Clerk of the Court should not enter default against them. (ECF Nos. 21, 22, 24, 24.)

Defendants' Response to June 11, 2024 Orders

On June 19, 2024, defendants filed a response to the June 11, 2024 orders. (ECF No. 25.) Defendants state that plaintiff is proceeding with another action in this court, Suggett v. Solano County, et al., 2:23-cv-0907 TLN JDP P.[2] In case no. 23-cv-0907, on February 13, 2024, the Court directed the U.S. Marshal to serve defendants Wellpath, Wong and Solano County with the second amended complaint as to plaintiff's claim alleging that the policy of not providing medication for ADHD violated her right to adequate medical care.

In his declaration submitted in support of the response, defense counsel states that on April 19, 2024, defendant Wellpath's authorized Service of Process Team (Corporate Creations, Network Inc.), received a complaint packet from the U.S. Marshal regarding case no. 23-cv-0907 via regular mail. (ECF No. 25-1 at 2.) A copy of that complaint packet is attached to defense counsel's declaration. (Id. at 13-50.) This Court observes that the complaint packet contains documents for service of both case no. 23-cv-0907 and the instant action. (Id.) Defense counsel states that the Service of Process Team forwarded the complaint packet to defendant Wellpath on April 22, 2024, via email. (Id. at 2.) This Court observes that the first page of the complaint packet is a document titled "Service of Process Notice" prepared by Corporate Creations addressed to defendant Wellpath. (Id. at 12.) The Service of Process notice refers only to case no. 23-cv-0907. (Id.)

This Court observes that on April 22, 2024, the Service of Process team emailed the complaint packet to Jack Severson at Wellpath. (Id. at 8.) This email states, "We received

---

[2] This Court takes judicial notice of the court record in 23-cv-0907. Fed. R. Evid. 201.

1  service of process in our capacity as registered agency for: Wellpath LLC." (Id. at 9.) On April
2  22, 2024, Jack Severson forwarded the email and attached documents from the Service of Process
3  team to Wellpath Litigation Claims Supervisor Rachel Eckhardt. (Id. at 8.) On April 22, 2024,
4  Rachel Eckhardt contacted defense counsel by email, forwarded to him the complaint packet, and
5  advised him that, based on a review of the packet, the case was allowed to proceed against
6  Wellpath and Dr. Wong. (Id. at 7.) Eckhardt's email to defense counsel states that plaintiff
7  alleges that plaintiff was given psychological exams in full view and earshot of other inmates,
8  violating confidentiality rights. (Id.) This email states that the case has been allowed to proceed
9  against Wellpath and Dr. Wong. (Id.) In her email, Eckhardt does not identify a case number.
10 (Id.)

11 In his declaration, defense counsel states that he accepted "the case" on April 26, 2024,
12 and Wellpath sent a retainer letter for this claim, referencing their retention on behalf of Wellpath
13 and Dr. Wong. (Id. at 2.) Defense counsel states that he was "never alerted to the existence of a
14 second case filed by plaintiff involving Wellpath by the USMS, the Service of Process Team, or
15 Ms. Eckhardt." (Id.) Defense counsel states that he initially reviewed the complaint packet,
16 specifically the second amended complaint filed in case no. 23-cv-0907, and noted that the packet
17 included a waiver of service form for Wellpath but did not include a waiver of service form for
18 Dr. Wong. (Id.) Defense counsel states that anticipating a waiver of service form for Dr. Wong
19 would be forthcoming and knowing that service had not been effectuated properly on Wellpath or
20 Dr. Wong, he opted to monitor the case and wait for further information and contact from the
21 court and/or the U.S. Marshal. (Id.) Regarding the instant action, the complaint packet included
22 a waiver of service summons for only defendant Wellpath. (Id. at 43.)

23 In his declaration, defense counsel states that on May 17, 2024, defendants Wellpath and
24 Dr. Wong were purportedly personally served in case no. 23-cv-0907. (Id. at 2.) A person
25 identified as Laura Anderson DA II accepted service at the Solano County Justice Center Facility
26 and the certificates of service were filed on May 20, 2024. (Id.) Defense counsel states that Ms.
27 Anderson, however, is employed by Solano County, not Wellpath, and is not authorized to accept
28 service on behalf of defendant Wellpath or any of its employees or agents. (Id.) To date, defense

counsel has not received any of the documents Ms. Anderson received from the U.S. Marshal on May 17, 2024. (Id. at 2-3.)

In his declaration, defense counsel states that he first learned of the existence of the instant action on June 17, 2024. (Id. at 3.) Defense counsel states that when he learned of the existence of the instant action, he simultaneously learned that the U.S. Marshal filed certificates of service attesting to personal service on "Wellpath Medical" and Dr. Wong with the second amended complaint in case no. 23-cv-0907. (Id.) Accordingly, defense counsel promptly filed an answer in case no. 23-cv-0907. (Id.)

In his declaration, defense counsel states that on December 4, 2023, the Court ordered the U.S. Marshal to serve defendants in the instant action by first attempting to secure a waiver of service. (Id.) Defense counsel states that, to his knowledge, defendants Dr. Wong, Ms. Roesler, and Ms. Nevarez never received Waiver of Service Forms. (Id.) Defense counsel did not discover that a Waiver of Service Form existed for defendant Wellpath in the instant action until more closely examining the complaint packet on June 17, 2024. (Id.)

Defense counsel states that, in the instant action, the certificates of service filed May 16, 2024 reflect that Ms. Anderson improperly accepted service on behalf of defendants Roesler, Nevarez, Wong and Wellpath on May 8, 2024. (Id.) To date, defense counsel has not received any of the documents that Ms. Anderson received from the U.S. Marshal on May 8, 2024. (Id.)

On June 17, 2024, defendant Nevarez, who serves as Wellpath's Health Services Administrator at the Solano County Jail, advised defense counsel that she received copies of the orders filed June 11, 2024 addressed to defendants Roesler and Nevarez. (Id.) As of the date of this filing, neither defendants Wong nor Wellpath received copies of the June 11, 2024 orders. (Id.)

Defense counsel states that after being contacted by defendant Nevarez on June 17, 2024, defense counsel closely reviewed the complaint packet originally transmitted by the U.S. Marshal and received by Wellpath on April 22, 2024. (Id.) Defense counsel noted that it contained documents pertaining to the instant action and case no. 23-cv-0907. (Id.) Defense counsel states that it appears that pleadings for the instant action and case no. 23-cv-0907 were mistakenly

5

combined by the U.S. Marshal and/or the Service of Process Team prior to transmittal to Wellpath and ultimately to defense counsel. (Id.)

In his declaration, defense counsel states that he determined that separate fees of $195.62 were assessed against all four defendants for the U.S. Marshal's personal service, although the person who accepted personal service was not authorized to do so. (Id.) Defense counsel also states that the complaint packet counsel received at the outset of his retention for case no. 23-cv-0907 did not include Waiver of Service Summons Forms for the individual defendants in either case. (Id.) Defense counsel states that although the Waiver of Service of Summons Forms for defendant Wellpath were included within the complaint packet for both cases, the combining of documents made it unclear that there was another, separate lawsuit filed by the same plaintiff. (Id.)

Defense counsel concludes that if the Wellpath defendants were aware of the existence of the instant case, they would have retained counsel immediately, as they did for the original lawsuit. (ECF No. 25 at 5.) Despite their lack of knowledge of the instant case and the improper service carried out by the U.S. Marshal, the Wellpath defendants are prepared to appear in the instant action and attached their proposed answer to defense counsel's declaration. (Id.) Defense counsel states that upon the court's filing of their answer, the Wellpath defendants intend to file a motion to consolidate both actions. (Id.) Defense counsel respectfully requests that the Court waive the fees associated with the U.S. Marshal's improper service, the Clerk of the Court not enter default against defendants, and the Court permit defendants to file their proposed answer no later than July 10, 2024. (Id.)

Discussion

This Court finds that the individual defendants in this action were not properly served based on defense counsel's representation that he did not receive Waiver of Service Forms for these defendants and because the person who accepted personal service on behalf of these defendants was not authorized to do so.

Defense counsel does not clearly explain his claim that initial service on defendant Wellpath was improper. However, this Court agrees with defense counsel that the combining of

service documents for both the instant action and case no. 23-cv-0907 in the complaint packet made it unclear there was another lawsuit.[3]  Due to this confusion, some of which may have been attributable to the U.S. Marshal, this Court cannot find that defendant Wellpath was properly served.[4]  This Court also finds that defendant Wellpath was not properly personally served on May 8, 2024 because the person who accepted personal service on behalf of defendant Wellpath was not authorized to do so.  Accordingly, this Court finds that all defendants have shown good cause for their failure to waive service and for why the Clerk of the Court should not enter default.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants have shown good cause for their failure to waive service and for why the Clerk of the Court should not enter default against them; and

2. Defendants shall file their answer on or before July 10, 2024.

Dated:  June 24, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sugg1353.dis

2

---

[3] The "Service of Process Notice," prepared by Corporate Creations, identifying only case no. 23-cv-0907, also made it unclear that the complaint packet included documents regarding the instant action.  This error cannot be attributed to the U.S. Marshal.

[4] Though the Court ultimately finds that service was not proper, the Court is puzzled by defense counsel's statement that he did not discover that the complaint packet included documents for the instant action until June 17, 2024.  The complaint packet contained documents regarding both the instant action and case no. 23-cv-0907, and Litigation Claims Supervisor Eckhardt's April 22, 2024 email to defense counsel refers to the claims raised in the instant action as opposed to the claims raised in case no. 23-cv-0907.  The better practice would have been for defense counsel to carefully review the complaint packet in its entirety upon receipt.