UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | No. 2:23-cv-1353-TLN-CSK |
| Plaintiff, | |
| v. | **ORDER** |
| SOLANO COUNTY JUSTICE CENTER, et al, | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the mailbox rule, Plaintiff filed a Motion for Default Judgement on July 10, 2024.[1] (ECF No. 30 at 4.) In the instant motion, Plaintiff requests the

---

[1] Under the mailbox rule, a pro se prisoner's pleadings are deemed filed when handed over to prison authorities for mailing to the court. *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010). Plaintiff's motion for default judgment does not contain a proof of service indicating when she handed her motion for default judgment to jail authorities for mailing to the Court. However, Plaintiff signed her motion for default judgment on July 10, 2024. (ECF No. 30 at 4.) This Court finds Plaintiff filed her motion default judgment on the date it was signed. *See Butler v. Long*, 752 F.3d 1177, 1178 n. 1 (9th Cir. 2014) (noting that, in the absence of other evidence, courts generally deem a habeas petition filed on the date it was signed). Thus, the Court finds Plaintiff's Motion for Reconsideration (ECF No. 30) is timely. *See* Local Rule 303(b) ("rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties."); Fed. R. Civ. P. 6(d) (when party must act within a specified time after being served by mail, three days are added after the period would otherwise expire).

Court reconsider its June 25, 2024 Order, finding that Defendants showed good cause for their failure to waive service and that the Clerk of the Court should not enter default against them. (*Id.* at 3.) This Court construes Plaintiff's instant motion as a request for reconsideration of the Court's June 25, 2024 Order. (ECF No. 30.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal citations and quotations omitted). Further, local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

In the instant case, the Court finds Plaintiff's motion does not present any new or different facts or circumstances that would demonstrate good cause did not exist for Defendants failure to waive service.

Accordingly, the Court hereby DENIES Plaintiff's Motion for Reconsideration. (ECF No. 30.)

Date: August 15, 2024

_____
Troy L. Nunley
United States District Judge

2