UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | No.  2:23-cv-1353 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is defendants' motion to extend the discovery and pretrial motion deadlines by 120 days or, in the alternative, for a new scheduling order, filed October 29, 2024.  (ECF No. 34.)  For the following reasons, defendants' motion is granted in part and denied in part.

**I. LEGAL STANDARD**

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4).  Fed. R. Civ. P. 16(b)(4).  Pursuant to Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  Id.; Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)) ("the pretrial

1

scheduling order can only be modified 'upon a showing of good cause'"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. The focus of the inquiry is upon the moving party's reasons for seeking modification. Id.

**II. DISCUSSION**

On July 9, 2024, this Court issued a discovery and scheduling order stating that the parties may conduct discovery until November 1, 2024. (ECF No. 28.) Any motions to compel were to be filed by that date. (Id. at 5.) The deadline for pretrial motions is January 24, 2025. (Id.)

In the pending motion, defendants request that the Court extend the discovery and pretrial motion deadlines by 120 days or, in the alternative, issue a new scheduling order setting these dates. (ECF No. 34 at 1.) In support of this request, defendants refer to the declaration of defense counsel. (ECF No. 34-1.) In this declaration, defense counsel states that on August 19, 2024, defense counsel mailed special interrogatories and requests for production of documents to plaintiff. (Id. at 2.) Pursuant to the scheduling order, plaintiff's responses to the discovery requests were due forty-five days from August 19, 2024. (ECF No. 28 at 4.) On October 3, 2024, plaintiff timely mailed her responses to defense counsel. (ECF No. 34-1 at 2.)

In the declaration, defense counsel states that upon reviewing plaintiff's responses, they observed that plaintiff did not answer "several" interrogatories and requests for production, citing privacy, relevance and confidentiality concerns. (Id.) Because this information is crucial for plaintiff's deposition, defense counsel "recently" mailed meet and confer correspondences to plaintiff regarding her responses. (Id.) Defense counsel does not state the date on which they mailed the meet and confer correspondences to plaintiff. Defense counsel also does not state the deadline they gave plaintiff to respond to the meet and confer correspondences. Defense counsel states that if plaintiff fails to respond or amend her responses, defense counsel will file a motion

to compel. (Id.) Defense counsel also states that they intend to file a motion to consolidate the instant action with another action plaintiff is proceeding with in this court, 2:23-cv-00907 TLN JDP. (Id.) Defense counsel states that both actions arise from the same underlying events and occurrences, specifically related to plaintiff's attention deficit hyperactivity disorder medication, Adderall. (Id.) Defense counsel states that both cases involve largely the same parties, the same counsel, the same causes of action and both are currently at issue. (Id.) Defense counsel states that once these actions are consolidated, defense counsel plans to proceed with plaintiff's deposition as most, if not all, of the factual and legal issues are common to both cases. (Id.) Additionally, many of the same witnesses, experts and evidence will be relevant to both cases. (Id.) Based on these circumstances, defendants request a 120 day extension of the discovery and pretrial motion deadlines. (Id.)

This Court observes that in defendants' response to the order to show cause for their failure to waive service, filed June 19, 2024, defendants represented that upon the filing of their answer in the instant action, defendants intended to file a motion to consolidate the instant action with 2:23-cv-00907. (ECF No. 25 at 5.) Defendants filed their answer on July 1, 2024. (ECF No. 27.)

The pending request for a 120 day extension of the discovery and pretrial motion deadlines is largely based on defendants' intent to file a motion to consolidate. However, in the pending motion, defendants do not address why they did not file the motion to consolidate earlier in this litigation, as they stated in their June 19, 2024 filing. For this reason, this Court finds that defendants have not shown good cause to extend the discovery and dispositive motion deadlines by 120 days based on their intention to file a motion to consolidate.

While the Court appreciates defendants' attempt to resolve the discovery disputes with plaintiff by way of confer correspondences, the discovery and scheduling order states that Local Rule 251 does not apply.[1] (ECF No. 28 at 5.) Moreover, defendants fail to address when they mailed plaintiff the confer correspondences and the deadlines given plaintiff to respond.

---

[1] Local Rule 251(b) states, in relevant part, that a motion to compel shall not be heard unless the parties have conferred and attempted to resolve their differences.

Nevertheless, having considered the record, this Court finds good cause to grant defendants a thirty day extension of time to file a motion to compel. If defendants do not file a motion to consolidate the instant action with 2:23-cv-00907 within thirty days of the date of this order, defendants may seek an extension of time to depose plaintiff and an extension of the pretrial motion deadline.[2] The January 24, 2025 pretrial motion deadline remains in effect at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to extend the discovery and pretrial motion deadlines (ECF No. 34) is granted in part;

2. Defendants are granted thirty days from the date of this order to file a motion to compel; and

3. The January 24, 2025 pretrial motion deadline remains in effect at this time.

Dated: October 30, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sugg1353.eot
2

---

[2] Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the discovery and scheduling order filed August 8, 2024 in 2:23-cv-00907 setting the discovery deadline for February 7, 2025 and the pretrial motion deadline for June 20, 2025. If the instant action and 2:23-cv-00907 are shortly consolidated, defendants may seek to depose plaintiff and to file a dispositive pretrial motion regarding the claims raised in the instant action on or before the discovery and pretrial motion deadlines set in 2:23-cv-00907.