UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | Case No. 2:23-cv-1353-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, *et al.*, | |
| Defendants. | |

In May 2023, plaintiff, a pretrial detainee proceeding pro se, brought a § 1983 action against defendants Solano County, Wellpath Medical, and Dr. Matthew Wong, alleging that she was provided inadequate medical care in violation of the Fourteenth Amendment. *See Suggett v. Solano County* ("*Suggett I*"), No. 2:23-cv-1353-TLN-JDP, ECF Nos. 10, 15. In July 2023, plaintiff also filed the current § 1983 suit against Wong and Wellpath Medical, as well as Roesler and Nevarez, alleging that Wellpath Medical and Wong violated her right to privacy and that all defendants violated her right to adequate medical and mental health care. *See* ECF Nos. 1, 17.[1]

---

[1] All ECF references in this order relate directly to docket entries in Case No. 2:23-cv-1353-TLN-JDP, unless otherwise specified.

1

1    Now pending before the court is defendants' motion to consolidate these cases. ECF No.
2  36.[2] Plaintiff did not oppose the motion. After review of the record, I will grant defendants'
3  motion to consolidate.

**Background**

5    Plaintiff filed her first action in May 2023. *Suggett I*, ECF No. 1. Following screening,
6  the court granted plaintiff the ability to move forward with her Fourteenth Amendment claim
7  against Solano County, Wellpath Medical, and Wong. *Suggett I*, ECF No. 15. In her claim,
8  plaintiff alleged that she suffers from attention deficit/hyperactivity disorder ("ADHD") and that
9  she required medication for this condition. *Suggett I*, ECF No. 10 at 4. She arrived at the Solano
10 County Justice Center in February 2023 and was told by medical staff that there was a policy of
11 not providing medication for ADHD because such medications were considered stimulants. *Id.*
12 She claimed that she was denied the necessary medication both by a Wellpath employee and
13 Wong. *Id.* The lack of medication led her to experience behavioral symptoms and brought about
14 multiple punishments for disorderly conduct. *Id.* at 5-6.

15    Simultaneously, plaintiff filed the current action alleging additional claims against
16 Wellpath and Wong, as well as Roesler and Nevarez. ECF No. 1. Following screening, the court
17 allowed plaintiff to move forward with her claims that Wellpath Medical and Wong violated her
18 right to privacy, and that Wellpath Medical, Wong, Roesler, and Nevarez violated her right to
19 adequate medical and mental health care. ECF No. 17. In her claims against Wellpath Medical
20 and Wong, plaintiff alleged that that they conducted psychological consultations with inmates that
21 were not confidential. ECF No. 1 at 4. She alleged that, because others could hear her
22 psychological consultations, her "medical confidentiality" had been violated, she was punished
23 for the things she said during conversations with Wong, and she did not feel comfortable seeing a
24 psychologist and was without her medication as a result. *Id.* In her medical care-based claim
25 against Roesler and Navarez, she alleged they falsely wrote in their responses to plaintiff's

---

[2] Two of the *Suggett I* defendants have simultaneously moved to consolidate *Suggett I* with the current case. *See Suggett I*, ECF No. 36. That motion will be addressed by a separate order.

2

grievances that she did not take Adderall, resulting in her grievances being denied as unfounded. *Id.* at 5.

### Defendants' Motion to Consolidate

Defendants now move to consolidate the current action with *Suggett I*. ECF No. 36. They argue that both cases involve common questions of law and fact, namely that both cases center around the health care plaintiff alleges she did not adequately receive. *Id.* at 6-7. They note that in both actions, plaintiff sued Solano County, although Solano County was dismissed as a defendant in the current action. *Id.* at 6. Moreover, while Roseler and Nevarez are not defendants in *Suggett I*, plaintiff did attempt to add them as defendants in her first amended complaint to no avail, showing that plaintiff believed those defendants' involvement was significant to the current case. *Id.* Additionally, the acts and injuries in both cases occurred in the same timeframe and both are in similar procedural postures. *Id.* They contend that both cases will involve overlap in the witnesses called, parties involved, and legal questions considered, supporting their motion for consolidation. *Id.* at 7-8.

Plaintiff does not oppose the motion. However, I will note that plaintiff opposes the motion to consolidate filed in *Suggett I*. *See Suggett I*, ECF No. 29. There, she contends that the facts of each case are not substantially similar, and that consolidation would be improper. *Id.* at 4-7.

Federal Rule of Civil Procedure 42(a) allows courts to consolidate actions involving a common question of law or fact. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv. Rsch. Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989).

The party seeking consolidation bears the burden of proving consolidation is appropriate. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). Thus, the moving party must establish that the judicial economy and convenience associated with the consolidation outweighs any prejudice. *Id.* The "main question" the court must address is whether common questions of law or fact exist between the cases. *Id.* Then, the court must

weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense it could cause. *Id.*

Here, defendants have met their burden of proving consolidation is appropriate. The current action and *Suggett I* both surround plaintiff's complaints regarding the medical and mental health care she received while in the Solano County Justice Center. She brings these claims against the same defendants—Wellpath Medical and Wong. While *Suggett I* also involves Solano County and *Suggett II* involves Roseler and Nevarez, the inclusion of these defendants in the consolidated action would not cause any inconvenience, delay, or expense to the action. As such, the judicial economy and convenience associated with the consolidation outweighs any potential prejudice, and I will grant defendants' motion.

**Conclusion**

Accordingly, it is ORDERED that:

1. Defendants' motion to consolidate, ECF No. 36, is GRANTED.

2. Case No. 2:23-cv-0907-TLN-JDP (P) and No. 2:23-cv-1353-TLN-JDP (P) are CONSOLIDATED for pre-trial purposes, including fact and expert discovery and summary judgment. Case No. 2:23-cv-0907-TLN-JDP (P) is designated as the "master file" and lead case. From the date of this order, all filings in this matter shall be made in the lead case.

3. The Clerk of Court shall file a copy of this order in both of the above captioned actions and administratively close Case No. 2:23-cv-1353-TLN-JDP (P).

IT IS SO ORDERED.

Dated: ___July 29, 2025___    _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE